CHARLES P. RICHARDSON, Respondent, v. MILES G. MOIES and HENRY M. WOODWARD, Appellants.

1. After the dissolution of a partnership, one partner cannot give notes in the name of the firm, or in renewal of a note of the firm, so as to bind the other members without special authority.

2. Where the partners had, prior to the dissolution, agreed with the holder of the note of the firm, that it should be renewed upon part payment at maturity, and a new note given for the balance, such agreement will be an authority to one of the partners, after the dissolution, to give a new note in the firm name in renewal; and the termination of the partnership is not a revocation of such authority.

*Appeal from St. Louis Circuit Court.*

*Currier*, for appellants.

*A. M. & S. H. Gardner*, for respondent.

BATES, Judge, delivered the opinion of the court.

This cause was heretofore submitted to the court, and an opinion prepared but not delivered. The parties now consent that the opinion may be filed, and judgment entered in accordance with it.

The judgment of the court below is therefore affirmed, all the judges concurring.

EWING, Judge.

Moies and Woodward, during their partnership and under the firm name of Moies & Co., executed certain promissory

Richardson v. Moies and Woodward.

notes to the plaintiff for an indebtedness subsisting prior to the dissolution of the partnership, which took place in January, 1858. The notes sued on were dated in March, 1858, after the dissolution, and executed by Moies in the firm name. It was proved by the plaintiff that there was an agreement between him and Moies and Woodward when the first notes were given, in December, 1857, to the effect that, as the firm would not be able to pay same at maturity, they, upon paying $500 at that time, might give new notes for the balance, allowing further time. There was also evidence tending to show that Moies, in some cases, had given notes in the firm name, after dissolution, with Woodward's assent; also, that he (Woodward) denied the right of Moies to do so without his authority. It is not claimed that there was any authority or assent as it respects the notes in question, other than that given by the agreement mentioned. Nor is it maintained that one partner, after the dissolution of the partnership, can make a note in the name of the firm, or in renewal of a note of the firm, so as to bind the other members, without special authority. The evidence introduced by the plaintiff, as to the agreement, was objected to, and exceptions taken to its admission. It would seem that the notes sued on were given at the maturity of the first, pursuant to the agreement had in December previous, to give further time upon the payment of a part of the debt. Moies, under this agreement, had authority to execute the notes in the name of the firm, unless it was revoked by the fact of the dissolution of the partnership. Admitting that there may have been no consideration for the promise of the plaintiff to give time on the balance of the debt, and that the agreement would not have availed the defendants had Richardson, disregarding it, sued on the first notes, yet the notes in controversy were given for a debt contracted by the firm, in respect to which the liability of the firm remained the same, of course, after as before the dissolution. And as the authority was conferred for the purpose of renewing a pre-existing obligation, the consideration for which is not questioned, the termination of the partnership

did not revoke it if it were originally sufficient for the purpose intended.

Judgment affirmed; Judge Napton concurring.